Francis J. Donovan, J.
Defendant 'moves for leave to serve an amended answer. Plaintiff cross-moves to strike defense of Statute of Limitations.
This matter as presented involves a number of misconceptions concerning the new CPLR. Defendant contends that the motion to strike the defense is not timely under CPLR 3024 (subd. [c]). A motion to strike a defense is under CPLR 3211 (subds. [b], [c]).
The motion to strike the defense has been considered on the evidence set forth in the affidavits. In the interests of early determination of issues, the court has anticipated the amendment of the answer.
*486 If the defense of Statute of Limitations to be set forth in the amended answer is insufficient the amendment should not be permitted and the defense of limitation of time heretofore interposed should be stricken. The cause of action for assault accrued November 25,1961.
It is conceded that the action is timely commenced if the summons was served on November 23, 1963.
Defendant contends the summons was served on November 26, 1963 in which event it was not timely. This issue may be determined at the trial if the answer is amended.
However, plaintiff contends that the period of limitations was tolled for 60 days by his filing the summons and complaint with the Clerk of the court on November 22, 1963. If this be true, there is no question but that the action was timely commenced for an answer was interposed on December 23, 1963.
CPLR 203 (subd. [b], par. 5) provides for tolling the statute by delivering the summons for service upon the defendant to any person authorized to serve it. The enforcement officer is the person authorized to serve process (Uniform District Court Act, § 105). The marshal is the enforcement officer (County G-overnment Law of Nassau County, § 2422; McKinney’s Cons. Laws of N. Y., Book 29A, Part 3, Judiciary— Court Acts, p. 467).
Delivery of the Clerk is not delivery to the person authorized to serve it. Furthermore the summons and complaint were given to the Clerk for filing, not for service on defendant. CPLR 203 (subd. [b], par. 5) must be construed to mean delivery to the public officer rather than to any person, i.e., any person over 18 and not a party to the action (McKinney’s Cons. Laws of N. Y., Book 7B [1-500], CPLR, p. 81 commentary).
However, even the latter construction would not aid plaintiff. Assuming the Clerk, in his unofficial capacity being over 18 and not a party to the action, is ‘ ‘ any person authorized to serve ’ ’, the summons and complaint were not given him for the purpose of effecting service.
Confusion may exist here because section 10 of the former District Court Act provided for tolling the statute by having the summons issued by the Clerk. There is no comparable provision in the Uniform District Court Act.
To toll the statute in this court the plaintiff must deliver the summons and complaint to a marshal for service with the appropriate fee.
There is an issue therefore to be tried since the statute was not tolled.
The motion for leave to amend the answer is granted and the motion to strike the defense is denied.